## FOURTH DEPARTMENT, JULY, 1917.

PETER ROSMARK, Appellant, *v.* LEHIGH VALLEY RAILROAD COMPANY, Respondent.

*Railroad — master and servant — negligence — personal injuries.*

Appeal by the plaintiff, Peter Rosmark, from a judgment of the Supreme Court, entered in the office of the clerk of Erie county on October 5, 1914, in favor of the defendant, and against the plaintiff, for a nonsuit.

Judgment affirmed, with costs. All concurred, except Kruse, P. J., and Foote, J., who dissented in a memorandum by Kruse, P. J.

KRUSE, P. J. (dissenting): The plaintiff, a car repairer in defendant's employ, was hit by the handle of a jack while he was jacking down a car. The car had been jacked up for repairs. After working upon the car the plaintiff undertook to let it down. The car can be let down slowly and easily when the sprawls or dogs engage the teeth or ratchet of the jack, but upon this occasion the sprawls or dogs did not engage the teeth or ratchet, so the evidence tends to show, and the car dropped several notches. Either the plaintiff did not have hold of the handle, or else he did not hold it sufficiently tight and firm. Had the plaintiff anticipated that the jack would not hold he might have avoided the accident by holding the handle more firmly. But the unexpected sudden drop, so it can be found, caused the plaintiff to lose his hold and to permit the handle to fly up and hit him. While the evidence is not very satisfactory as to just what the plaintiff was doing at the time, I think it can be found therefrom that he was injured by the dropping of the jack and without any fault of his. The jack, or one like it, was produced in court, and while the plaintiff's expert was unable to point out any defect in it, the evidence is clear that if the jack did in fact drop, it was because of the weakness of the springs connected with the sprawls or dogs. It is also true, as respondent's counsel contends, that even if the jack is lowered or raised but one notch, the handle makes one complete up or down stroke, and that is all that it makes even if the jack drops. But the evidence seems to show that if the sprawls or dogs work effectually the movement is easily controlled, but if not, the drop is abrupt and sudden. I think the evidence sufficient to warrant a finding that the jack was defective owing to weakness of the spring, and I think a reasonable inspection and test would have disclosed this weakness. That duty devolved upon the defendant and was in fact imposed by defendant upon other employees and not upon plaintiff. When a jack was out of repair or unsuitable it was marked. This one was not so marked. I think although the plaintiff could select a jack he wanted from the many on hand, it cannot be said as a matter of law that the plaintiff himself was at fault in not detecting the deficiency, or anticipating the drop, or that he assumed the risk thereof. That, as well as the negligence of the defendant, was for the jury to determine. The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event. Foote, J., concurred.